UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE BOLLINGER, | No. 2:14-cv-0255 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born April 21, 1964, applied on January 29, 2010 for SSI, alleging disability beginning September 1, 2003. Administrative Transcript ("AT") 112-120. Plaintiff alleged she was unable to work due to back pain, tumors, fatigue, memory loss, bone and joint pain, eye

/////

/////

1

problems, and pains in the neck, jaw bones, and ears. AT 130. In a decision dated February 15, 2012, the ALJ determined that plaintiff was not disabled.[1] AT 17-27. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since January 11, 2010, the application date.
>
> 2. The claimant has the following severe impairments: benign right thyroid nodule, hypothyroidism, obesity, plantar fasciitis of the right foot, left fifth metatarsalgia, cervical spondylosis, headaches, multifibroid uterus, internal lipoma, fibromyalgia, adjustment disorder with anxious and depressed features, and pain disorder.
>
> 3. The claimant does not have an impairment or combination of

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

|   |   |
|---|---|
| 1 | impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. |
| 2 |   |
| 3 | 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined [in the regulations] except she is limited to performing simple, repetitive tasks (i.e. unskilled work). |
| 4 |   |
| 5 | 5. The claimant has no past relevant work. |
| 6 | 6. The claimant was born on April 21, 1964 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed. |
| 7 |   |
| 8 | 7. The claimant has at least a high-school education and is able to communicate in English. |
| 9 |   |
| 10 | 8. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work. |
| 11 | 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. |
| 12 |   |
| 13 | 10. The claimant has not been under a disability, as defined in the Social Security Act, since January 11, 2010, the date the application was filed. |
| 14 |   |

AT 19-27.

ISSUES PRESENTED

Plaintiff contends that the ALJ improperly discredited her testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff testified that she fatigues easily and has constant pain. She further testified that she does not exercise and does not participate in any activities outside of the house. Plaintiff also testified that although she can do some routine household chores, she has to take a break after 10 or 15 minutes and that her 10 year old daughter assists her with cooking, cleaning and grocery shopping. AT 53-60. With respect to why plaintiff thought she could not work, she testified that she was slow mentally and tired all the time. AT 62. Plaintiff contends the ALJ articulated insufficient reasons for discrediting her testimony.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication,

treatment and functional restrictions. See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

In discrediting plaintiff's testimony, the ALJ considered the lack of objective medical evidence supporting plaintiff's complaints of disabling pain and fatigue.  The ALJ noted that plaintiff's thyroid problems are well controlled with medication and that plaintiff's most serious complaints involving joint pain, poor memory and poor concentration occurred when plaintiff was not taking thyroid medication.  AT 23, 242 (only medicine reportedly taken by plaintiff was ibuprofen), 346-349 (increased complaints when off thyroid medication).  The ALJ also considered the lack of mental health treatment despite plaintiff's complaints that she could not handle stress, had poor memory, was short tempered and had disabling depression.  AT 23-24.  Physical examinations showing that plaintiff demonstrated unassisted gait, negative examinations of the extremities, and no evidence of neurological deficit also undermined plaintiff's claim of physical incapacity.  AT 23, 222, 243, 304, 316, 346-349.  The ALJ also factored into the credibility analysis the inconsistency between plaintiff's claims and the opinions of the

consultative psychologist Dr. Latow and reviewing psychiatrist Dr. Harrison who both opined that plaintiff had considerable mental work-related abilities, including the ability to perform simple tasks, could relate appropriately to others and could sustain concentration, persistence and pace.  AT 24, 311-312, 332.  Finally, the ALJ appropriately considered plaintiff's poor work history, with earning records showing no significant earnings since 1997.  AT 24, 121.  See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (poor work history, including years of unemployment before alleged onset of disability, properly considered by ALJ as negatively affecting plaintiff's credibility regarding claim of inability to work).  The reasons set forth by the ALJ for discrediting plaintiff's testimony are valid and supported by the record.  The ALJ's credibility finding will not be disturbed.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is granted; and

3. Judgment is entered for the Commissioner.

Dated: October 16, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 bollinger.ss